IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>JUSTIN TONY WALKER   )<br>_____) | CRIMINAL ACTION<br>NO. 1:18-CR-152-AT |

### **DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, Defendant, JUSTIN TONY WALKER, by and through undersigned counsel and files this sentencing memorandum to address the grounds supporting his request for a downward departure or variance. Mr. Walker is scheduled to be sentenced on Friday, August 17, 2018.

This case originated by way of a target letter. Mr. Walker, when informed that he was a target of a potential federal prosecution, quickly came forward to accept responsibility and resolve his case. He agreed to proceed by criminal information and entered a guilty plea to one count of conspiracy and one count of aggravated identity theft. The conspiracy count carries a five year maximum sentence with no mandatory minimum while the aggravated identity theft count carries a mandatory sentence of two years consecutive to the conspiracy count. Thus, the maximum sentence that can be imposed is seven years. On the conspiracy count, Mr. Walker's Total Offense Level is 25 and his criminal history is Category VI. This would yield a guideline range of 110 to 137 months.

However, because the statutory maximum of 60 months is lower than the guideline, this becomes the guideline. U.S.S.G. § 5G1.1(a).

In *United States v. Rodriguez*, 64 F.3d 638 (11th Cir. 1995), the Eleventh Circuit held that a sentencing court may downwardly depart in this situation – where the guideline range is higher than the statutory maximum -- in order to give the defendant the benefit for accepting of responsibility.  In this case, because of the unique imbalance between the statutory maximum and the sentencing guideline range, the three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 washed away and had no impact on the actual guideline range.  In other words, Mr. Walker does not receive a reduction for acceptance of responsibility despite doing everything that a defendant could do to accept responsibility and minimize the government resources expended on his case.  The district court in *Rodriguez* aptly "analogized applying the adjustment to the base offense level when that level exceeds the statutory maximum to 'giving away snow in the winter time.'" *Rodriguez*, 64 F.3d at 641.

In order to make the adjustment for acceptance meaningful here, Defendant requests that the Court grant a three level downward departure or downward variance from the 60 month statutory maximum.  The guideline range of 57 to 71 months captures the statutory maximum of 60 months.  A three level downward departure would yield a guideline range of 41 to 51 months.  Defendant requests

that the Court impose a sentence of 41 months on the conspiracy count so that Mr. Walker can receive the benefit of his acceptance of responsibility.

A sentence of 41 months on the conspiracy count plus the 24 months on the aggravated identity theft count is an appropriate and reasonable sentence in light of Mr. Walker's history and circumstances.  Mr. Walker is only 29 years old and his life has not been easy.  His mother was 14 years old when she had Mr. Walker and she raised Mr. Walker largely as a single parent because his father was in and out of prison.  Mr. Walker's father died in prison when Mr. Walker was 16, having been imprisoned for armed robbery since Mr. Walker was six.

Mr. Walker was sexually abused by an older male cousin when he was 12 and started receiving mental health treatment the following year.  He has been diagnosed with Bipolar 1 and post-traumatic stress disorder.  His records indicate that he experiences paranoia, anxiety, and depression.

Because of his serious and persistent mental illness, Mr. Walker was admitted to the Gwinnett County Mental Health Court Program in 2017.  Through this accountability court program, Mr. Walker has been receiving mental health treatment, services, and medication.  This program has been good for Mr. Walker as it provides support, oversight, and accountability and Mr. Walker has been responding well.  It is what he needs to succeed.

Mr. Walker will be on probation in Gwinnett County until 2027. Hopefully, he will be able to return to the Mental Health Court program after he completes his federal sentence. If the Court orders a mental health condition as part of supervised release, Defendant requests that if it is available, that the Mental Health Court program satisfy the supervised release condition.

For all of these reasons, Mr. Walker respectfully requests that the Court impose a sentence of 65 months.

Dated: This 13th day of August, 2018.

>Respectfully submitted,
>
>S/BRIAN MENDELSOHN, Esq.
>STATE BAR NO. 502031
>ATTORNEY FOR JUSTIN TONY WALKER

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Brian_Mendelsohn@fd.org

CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B

I hereby certify that on August 13, 2018, I electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Bernita Malloy, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30335

Dated:  This 13th day of August, 2018.

>s/BRIAN MENDELSOHN, Esq.
>ATTORNEY FOR JUSTIN TONY WALKER
>STATE BAR NO. 502031