UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGMENT IN A CRIMINAL CASE |
| ) | |
| v. ) | Case Number: 1:18-cr-0152-AT |
| ) | USM Number: 71620019 |
| Justin Tony Walker ) | |
| ) | Brian Mendelsohn |
| ) | Defendant's Attorney |

**THE DEFENDANT:**

Pleaded guilty to Counts 1-2.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 371 | Conspiracy to Commit Wire Fraud | March 2016 | 1 |
| 18 U.S.C. § 1028A(a)(1) and 2 | Aiding and Abetting Aggravated Identity Theft | March 2016 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 24, 2018
Date of Imposition of Judgment

_____
Signature of Judge

**AMY TOTENBERG, U. S. DISTRICT JUDGE**
Name and Title of Judge

August 28, 2018
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **60 MONTHS ON COUNT 1 AND 24 MONTHS ON COUNT 2, TO RUN CONSECUTIVELY FOR A TOTAL TERM OF IMPRISONMENT OF 84 MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

- that the defendant be incarcerated in a facility located as close to Atlanta, GA as possible because he has family in the Atlanta area; and
- that the defendant participate in intensive counseling program given his psychological status and history.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on a date to be determined by the United States Marshals or Bureau of Prisons which shall be no earlier than October 23, 2018.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
      Deputy U. S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **2 YEARS ON COUNT 1 AND 1 YEAR ON COUNT 2, TO RUN CONCURRENT, FOR A TOTAL TERM OF 2 YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check if applicable)*
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following additional standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1. You must refrain from the excessive use of alcohol.

2. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

# SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision:

You must make a full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer.

You must not incur new credit charges or open additional lines of credit without approval of your probation officer.

You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release at the monthly rate of at least $150.00 plus 25% of gross monthly income in excess of $2,300. The Probation Officer may modify this monthly payment amount based on your income.

You shall participate in a mental health evaluation and any recommended treatment under the guidance and supervision of the United States Probation Officer. If able, you shall contribute to the cost of services for the evaluation and/or treatment. The treatment you are receiving at the Gwinnett County, Georgia Mental Health Court can be used to satisfy this condition.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties below:

**Assessment**
**TOTAL:**     $200

**Fine**
The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

**Restitution**
**TOTAL:**     $514,979.56

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| JP Morgan Chase Bank NA<br>Recovery Investigation Group<br>10151 Deerwood Park Bldg., Bldg. 300<br>Jacksonville, FL 32256 | $111,156.13 |
| Charles Schwab<br>Corporate Legal Group<br>9825 Schwab Way<br>Lone Tree, Colorado 80124 | $264,900 |
| TD Ameritrade, Inc.<br>Financial Intelligence Unit<br>200 S. 108th Ave.<br>Omaha, Nebraska 68154<br>Internal case number FR-34968 | $22,179.33 |
| USAA Federal Savings Bank<br>Corporate Legal Group<br>10750 McDermont Freeway<br>San Antonio, Texas 78288<br>$116,744.10 | $116, 744.10 |
| **TOTAL:** | $514,979.56 |

This entire amount is considered due and payable immediately. If any amount of the restitution remains outstanding, the Court imposes the following minimum payment schedule:

- During the period of incarceration, the defendant is relieved of making a monthly payment towards the restitution balance. Additionally, during this incarceration period, the defendant's inmate trust account up to a balance of $500.00 will be exempt from the Government's collection efforts. If the defendant's inmate trust account balance exceeds $500.00 at any point, the Government will be allowed to collect from it any amounts in excess of $500.00. The restriction on the Government's collection efforts of the defendant's inmate trust account shall not preclude other enforcement methods of the restitution judgment by the United States Attorney pursuant to any lawful means.

- Any portion of the criminal monetary debt that remains unpaid at the time of the defendant's release from imprisonment shall be paid at the monthly rate of at least $150.00 plus 25% of gross monthly income in excess of $2,300. The Probation Officer may modify this monthly payment amount based on the defendant's income. This payment schedule shall not preclude enforcement methods of the restitution judgment imposed by the United States Attorney pursuant to any lawful means.

- The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.